[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14232

_____

D.C. Docket No. 06-01988-CV-TCB-1

SOUTHERN NUCLEAR OPERATING COMPANY, INC

Plaintiff–Counter
Defendant,

versus

ELECTRONIC DATA SYSTEMS CORPORATION,

Defendant–Counter
Claimant–Appellant,

versus

COMPUTER TECHNOLOGY SOLUTIONS, INC.,

Counter–Defendant
Appellee,

SOUTHERN COMPANY SERVICES,

Counter–Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(April 14, 2008)**

Before BARKETT and FAY, Circuit Judges, and ANTOON,[*] District Judge.

PER CURIAM:

Electronic Data Systems Corporation ("EDS") appeals from the dismissal of its complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim against Computer Technology Solutions, Inc. ("CTS"). The Complaint alleged that CTS misappropriated EDS's trade secrets. The district court dismissed the Complaint because it failed to assert sufficient facts to support the requisite allegation for a violation of the Georgia Trade Secrets Act, Ga. Code Ann. § 10-1-761, to wit, that CTS knew or had reason to know that it was an unauthorized recipient of trade secrets belonging to EDS.

EDS, a global provider of computer and data processing services, was hired by Southern Nuclear Operating Company, Inc. ("SNC") to provide customized software and computer services to manage SNC's documents.[1] After several years,

---

[*] Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

[1] SNC and Black & Veatch, LLP ("B&V") entered into an agreement in 1998 regarding these services. In 2003, SNC's sibling company Southern Company Services ("SCS") and

2

SNC terminated its agreement with EDS and hired CTS to perform the same duties. Subsequently, EDS requested from SNC the return or destruction of its products and documentation. SNC did not return the products or documentation nor did SNC provide notice that the items had been destroyed.

The dispute between EDS and SNC regarding the ownership of the products and documentation is not at issue here. This dispute involves whether CTS, when hired, knew or should have known that the software it received from SNC constituted trade secrets of EDS and that SNC was not authorized to provide the software to CTS.

After carefully reviewing the complaint and considering the arguments of counsel, we agree with the district court that there is nothing in the Complaint that provides facts from which the court could infer that CTS knew or should have known that it had misappropriated trade secrets of EDS.

**AFFIRMED.**

---

B&V's successor BV Solutions Group, LLC ("BV Solutions") entered into another agreement. In 2005, EDS purchased portions of BV Solutions' assets and SCS agreed to substitute EDS for BV Solutions in the 2003 agreement. For the limited purposes of this opinion, SNC and SCS will be treated as one entity. Similarly, B&V, BV Solutions, and EDS will be treated as one entity.